NOLTE-FLINT, INC., Appellant, vs. WATER-WISCONSIN COMPANY, Respondent.

*November 10—December 7, 1937.*

For the appellant there were briefs by *Bender, Trump & McIntyre,* attorneys, and *Kneeland A. Godfrey* of counsel, all of Milwaukee, and oral argument by *Mr. Godfrey.*

For the respondent there was a brief by *Shockley, Weinberg & Waddleton,* attorneys, and *Morris Karon* of counsel, all of Milwaukee, and oral argument by *Mr. Karon* and *Mr. Philip Weinberg.*

ROSENBERRY, C. J.    The plaintiff is engaged in the securities business in the city of Milwaukee.   The defendant is the owner of a long-term lease on what is known as the Bankers Building in Milwaukee, and is engaged in the management and rental of office space in the building.   Plaintiff was solicited by an employee of the defendant to take space in the Bankers Building.   Negotiations resulted in the preparation in duplicate by the defendant in February, 1935, of a lease, which was upon the defendant's standard printed form. As prepared, it called for a three-year term from May 1, 1935, to April 30, 1938, at a rental of $100 per month, to be paid in advance on the first day of each month.   The plaintiff suggested some changes in the provisions of the lease as prepared, and attached a rider thereto and delivered the same to the defendant's agent.   On March 6, 1935, the defendant's agent brought back the amended lease, stated to the plaintiff that the rider had been accepted, and requested the plaintiff's officers to sign the lease, which they did, and delivered the lease signed by them with their check for $100 to defendant's agent.   The facts from this point on are in dispute, and the findings of fact are not specific, but as supplemented by the opinion of the trial court it appears that the trial court regarded the following facts as established : At the time the lease was returned to the defendant it was not signed by the president of the defendant company as claimed by plaintiff, it appearing that during the interval the president was out of the city of Milwaukee and did not return until the 11th of March, on which day he did sign the lease.   The court further held that there was never at any time a manual delivery of the lease.   The plaintiff argues, however, upon the facts as found by the trial court, that there was an implied delivery and that thereby the defendant manifested to the plaintiff its assent to the terms of the lease.   The facts relied upon by the plaintiff are: First, that the defendant on March 12, 1935, the day after its president signed the lease, cashed a check for $100 issued by

the plaintiff; second, that the defendant caused certain booths to be removed from the space to be occupied by the plaintiff which indicated a preparation for such occupancy; third, that the defendant during the month of March, 1935, caused certain tinwork to be removed from the ventilating system in the lobby, a part of which the plaintiff was to occupy under the lease.

The court found that the check was cashed through an error of an employee, it having become detached from the documents. The court further found that the booths, the removal of which the plaintiff claims was a manifestation of assent, were removed by the owner of the booths, Northwestern Furniture Company, pursuant to a court order, the booths being the property of that company; that the removal of certain tinwork from the ventilating system was begun before and continued after the negotiations with reference to the lease and was incident to certain necessary repairs being made in the building.

It appears from the testimony that it was the custom of the defendant in execution of the lease to have the same signed by the president after it had been signed by the proposed tenant. The lease was then turned over to the secretary of the company for investigation. If the result of the investigation made by the secretary was favorable, he signed the lease and attached the seal of the company, whereupon one of the copies would be delivered to the tenant. In this case that procedure was followed. The secretary made the investigation, concluded that the plaintiff was not a desirable tenant, and on March 20, 1935, the plaintiff was informed that the lease would not be executed, and on that day the defendant tendered back to plaintiff $100, which as defendant claimed was taken as a deposit and not as the first month's rent.

The finding of the trial court that there was no implied delivery of the lease is clearly sustained by the evidence. The acts which the plaintiff claims amount to an implied

manifestation of assent sufficient to make the lease a binding obligation upon the defendant are clearly insufficient in law. The difficulty with plaintiff's position is that none of the acts relied upon to show a manifestation of assent were manifestations by the defendant to the plaintiff. Restatement, Contracts, § 52; Williston, Contracts (Rev. ed.), § 22. The plaintiff did not know prior to March 20, 1935, so far as the testimony discloses, that the check had been cashed. The act of the defendant in permitting the removal of property of the Northwestern Furniture Company certainly cannot be construed as a manifestation on the part of the defendant to the plaintiff that it assented to the lease. The removal of the tin in connection with the repair of the ventilating system had no connection with the proposed leasing of the property. The plaintiff cannot seize upon these acts which were not manifestations of any intent of the defendant with reference to the acceptance of the lease as constituting a manifestation of assent to the plaintiff. Whether under any circumstances such equivocal acts could be sufficient evidence of assent it is not necessary to decide in this case. An enforceable contract does not result unless there is a manifestation of mutual assent by the parties thereto. Restatement, Contracts, § 20.

*By the Court.*—Judgment affirmed.